UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIRAN K. VUNDAVALLI,<br><br>   Plaintiff,<br><br>v.<br><br>HALSTED FINANCIAL SERVICES, LLC,<br><br>   Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:21-cv-03083<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Kiran K. Vundavalli ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, Halsted Financial Services, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and is headquartered in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

1

5. Defendant is a third-party debt collector with its principal place of business located at 8001 North Lincoln Avenue, Suite 500, Skokie, Illinois 60077.

6. Defendant acted through it agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

7. In or around 2015, Plaintiff incurred a personal credit card debt ("subject debt").

8. Due to financial hardship, Plaintiff was unable to make payments and defaulted on the subject debt.

9. Sometime thereafter, Defendant acquired the rights to collect upon the defaulted subject debt.

10. In or around December 2020, Defendant began placing unsolicited phone calls to Plaintiff's cellular phone number, (614) XXX-4399.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular phone number ending in 4399.

12. Plaintiff has two cellular phone numbers, and he has never provided Defendant with his cellular phone number ending in 4399.

13. Plaintiff never provided Defendant with consent to call him on his number ending in 4399.

14. Upon information and belief, Defendant obtained Plaintiff's cellular phone number ending in 4399 through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

15. In April 2021, Plaintiff answered a phone call from Defendant and demanded that it stop calling him.

16. Notwithstanding Plaintiff informing Defendant that its phone calls were not welcome, Defendant continued its phone harassment campaign.

17. The phone number that Defendant most often uses to contact Plaintiff is (614) 587-7006, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without his consent.

## DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

20. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

21. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

25. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

26. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

29. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, and e(10) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692c**

30. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's telephone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

### b. Violations of FDCPA § 1692d

31. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Defendant never had prior consent to call Plaintiff's phone, but it continued placing the relentless calls even after Plaintiff demanded that the calls cease.

32. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed frequent harassing phone calls to Plaintiff's telephone from December 2020 through the present day, without his prior consent.

### c. Violations of FDCPA § 1692e

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted Plaintiff on a phone number that it never had consent to call, and Defendant continued placing frequent harassing phone calls even after Plaintiff demand that the calls cease. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it never had prior consent to do so in the first place.

34. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers.

35. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

36. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff KIRAN K VUNDAVALLI respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: June 8, 2021                                                                 Respectfully Submitted,

/s/ Omar T. Sulaiman
/s/ Marwan R. Daher
Omar T. Sulaiman, Esq.
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
osulaiman@sulaimanlaw.com
mdaher@sulaimanlaw.com